THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CLARENCE P. WHITMAN, PLAINTIFF IN ERROR.

Submitted July 9, 1917—Decided October 11, 1917.

On writ of error to the Supreme Court, in which the following *per curiam* was filed:

"The defendant, Whitman, together with John B. Faunce, Raymond E. Smith and others, was indicted for conspiring fraudulently and falsely to cheat and defraud the Roseville Trust Company out of $28,487, and putting that conspiracy into execution. Whitman was the treasurer of the Inter-City Land and Securities Company. Faunce was the president of that corporation. The alleged fraudulent abstraction of the money of the trust company was for the purpose of using it in the affairs of the Inter-City, &c., Company. Both Whitman and Faunce were convicted by the jury. The writ of error in the present case is sued out by Whitman alone.

"The first ground of reversal is that the court erred in refusing to direct a verdict in favor of the defendant, Whitman,

upon the ground that there was no evidence to support his conviction. An examination of the proof sent up with the writ, under the one hundred and thirty-sixth section of the Criminal Procedure act, satisfies us that the court properly refused to grant the motion for the reason indicated; that is to say, we find ample proof to go before the jury upon the question of his being engaged in the criminal conspiracy charged against him.

"It is next contended that there should be a reversal, because the court erroneously charged the jury that an intent to defraud could be inferred from the mere proof of intentional and repeated overdrafts. But no such instruction was given to the jury. What the court did say was: 'The state does not claim that the mere overdrawing of the account by the defendants is a crime for which it seeks a conviction, but says that the overdraft is evidence of a conspiracy,' &c. This statement by the court is a mere recital of one of the claims advanced by the prosecution, and not the laying down of a legal principle for the guidance of the jury.

"Next, it is objected that it was error for the trial court to refuse to admit evidence tending to prove the financial responsibility of the Inter-City Land and Securities Company. No argument is made in support of this contention, counsel being satisfied with the statement that 'proof of its financial responsibility would have tended to rebut any evidence of intent to defraud the bank.' We are unable to perceive that it would have the tendency claimed, and consider the offered testimony was immaterial and irrelevant. It was, therefore, properly excluded.

"Next, it is claimed that the court improperly excluded the following question, asked of Raymond E. Smith, one of the parties indicted, upon his cross-examination, he having been called as a witness on behalf of the state: 'Did you ever inform Mr. Whitman, or Mr. Faunce, that you were taking money from the Roseville Trust Company?' This question was properly excluded, for the fact that Smith was fraudulently abstracting money from the trust company for pur-

poses with which Whitman and Faunce were unconnected, threw no light upon the charge made against these two men, and upon which they were then being tried.

"Next, it is argued that the court improperly admitted in evidence the books of the Roseville Trust Company. The state's claim was that the account of Whitman in those books was falsely kept for the apparent purpose of concealing the fraudulent abstraction of moneys from the bank in the carrying out of the conspiracy charged in the indictment. The argument is that the books should not have been admitted, unless the state first proved that Whitman knew of, and acquiesced in, the falsifications. But such knowledge on his part was not necessary in order to make the books evidence against him, if, in fact, the alterations and fraudulent entries were made for the purpose of more successfully carrying out the object of the conspiracy. The further claim that the books should have been excluded because they were not a true record of the transactions of the bank is, of course, without merit.

"It is next argued that the court improperly admitted in evidence a so-called 'reconstructed account,' prepared by a Mr. Ferguson, an accountant in the employ of the commissioner of banking of this state. We are not pointed by counsel to any offer of this account by the state, or any ruling by the court admitting it in evidence. Nor does our own examination of the record disclose any such offer or ruling. Moreover, no assignment of error, or cause for reversal, raises this point. The plaintiff in error can, therefore, take nothing by it.

"There are other grounds of reversal directed at rulings on evidence, but they are none of them of sufficient importance to justify specific comment; it is enough to say that we find each of them to be without merit.

"The judgment under review will be affirmed."

For the plaintiff in error, *Borden D. Whiting.*

For the defendant in error, *J. Henry Harrison,* prosecutor, and *Wilbur A. Mott,* assistant prosecutor.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.